[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 23, 1998, a divorce proceeding was instituted in the above cited case at which time automatic orders concerning the preservation of property were put into effect. On April 23, 1998, the parties entered into an agreement, which was made an order of the court, essentially reinforcing the automatic orders by stating: "Neither party will transfer, dispose any assets or incur any debt without prior written consent of the other."
On June 17, 1998 and again on December 28, 1998 the defendant filed motions for contempt alleging that the plaintiff had been cashing in thousands of dollars worth of savings bonds and had obtained a loan of more than $21,000 to purchase a new car in violation of the court orders. In his motion for contempt the defendant asked for sanctions and attorney fees.
A relatively brief hearing on the motion for contempt was held on February 11, 1999 at which time the court found the plaintiff, Jean Gagne, to be in violation of several orders of the court relating to the disposition of property and the incurring of unreasonable debt. The case was continued until March 11, 1999 to give the plaintiff an opportunity to purge herself of contempt, and for a hearing on the defendant's motion for attorney fees.
On March 11, 1999 evidence was presented by the plaintiff which resulted in the court finding that the plaintiff had purged herself of contempt by replacing some to the funds improperly used by her. Evidence was also presented by the defendant concerning attorney's fees incurred by the defendant in bringing the contempt motion. In reviewing that evidence, as well as reflecting upon the contempt hearing, the court finds that the results of some of the efforts and research undertaken by the attorney for the defendant are not limited to the contempt hearing. Some of the time and work invested will also be applicable to a dissolution hearing.
Accordingly, pursuant to § 46b-87, and after taking into consideration all of the above, the court finds the amount of $1,000 to be a reasonable attorney fee for successfully bringing CT Page 3346 the contempt motion. The court orders the plaintiff to pay $1000 to the defendant in attorneys' fees within sixty days of the date of this order.
PER ORDER OF:
Terence A. Sullivan, J. Superior Court Judge